LAURA MORRIS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, June 20, 1914.

1. **CARRIERS OF PASSENGERS: Wrongful Ejection of Passenger: Instructions.** In an action by a passenger for wrongful ejection from a railroad train, an instruction given ·for plaintiff, that if the jury found that defendant's servants in charge of the train, "wilfully, rudely and in an insulting manner, ejected plaintiff from the train, without any justification or excuse, as defined in other instructions," they should find for plaintiff, was not prejudicially erroneous, on the theory that, by requiring a finding that the ejection was "without any justification or excuse," in the absence of a definition of that phrase, it submitted a mixed question of law and fact to the jury, in view of the fact that the evidence established that there was nothing to justify or excuse the conduct of defendant's servants in ejecting plaintiff.

2. ———: ———: ———. In an action by a passenger for wrongful ejection from a railroad train, an instruction given for plaintiff, that if the jury found that defendant's servants in charge of the train, "wilfully," rudely and in an insulting manner, ejected plaintiff from the train, etc., they should find for plaintiff, was not erroneous by reason of the failure to define the word "wilfully," since that word was used in its ordinary and popular sense and as such required no definition.

3. **INSTRUCTIONS: Definitive Instructions.** It is not necessary to tell the jury the meaning of ordinary words and phrases that must be understood by any one competent to serve on a jury.

4. **CARRIERS OF PASSENGERS: Wrongful Ejection of Passenger: Instructions.** In an action by a passenger for wrongful

184 Mo. App.—5

Morris v. Railroad.

ejection from a railroad train, where the petition alleged that the ejection was accompanied by abusive and insulting language, but did not charge that unnecessary force was used, an instruction on the measure of damages, authorizing the jury to take certain matters into consideration, in estimating the damages, if they found that plaintiff was wrongfully ejected "and that said ejection was done by unnecessary force and with abusive and insulting language," was not prejudicially erroneous for requiring a finding that the ejection was "done by unnecessary force," when the use of unnecessary force was not counted on in the petition, since that merely had the effect of requiring the jury to find more than was necessary to warrant a recovery of the damages authorized by the instruction.

5. ————: ————: Right of Recovery. A passenger is entitled to recover for unnecessary insult and humiliation caused by abusive and offensive language or conduct of the carrier's servants in ejecting him from the carrier's conveyance, although no unnecessary force is used in ejecting him.

6. INSTRUCTIONS: Submitting Unnecessary Facts: Harmless Error. An instruction will not be condemned as reversible error for submitting facts not counted on in the petition, where the facts counted on are correctly submitted and the only effect of submitting the other facts is merely to require the jury to find more than was necessary to warrant a recovery.

7. DAMAGES: Injured Feelings and Humiliation. Where the wrongful act complained of is accompanied by abusive, insulting and humiliating language or conduct, a recovery of compensatory damages for humiliation and injured feelings may be had, although no physical injury is inflicted.

8. ————: Husband and Wife: Instructions. In an action by a married woman for wrongful ejection from a railroad train upon which she was a passenger, held that the instruction on the measure of damages was not vulnerable to the objection that it authorized a recovery of damages belonging to the husband and recoverable only by him.

9. ————: Mental Suffering: Excessiveness of Verdict. In an action by a woman for wrongful ejection from a railroad train, accompanied by abusive, insulting and humiliating language on the part of defendant's servants, held that a verdict for five hundred dollars was not excessive.

Appeal from Pemiscot Circuit Court.—*Hon. Charles B. Faris*, Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1) Instruction number one, given on behalf of plaintiff, is erroneous: Because it submitted to the jury a mixed question of law and fact, whether the train employees ejected plaintiff from the train "without any justification or excuse." Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Clem v. Railroad, 119 Mo. App. 249; Allen v. Transit Co., 183 Mo. 411; Neff v. City of Cameron, 213 Mo. 365. Because it fails to define the terms "without any justification or excuse." No other instruction was given defining these terms, and the jury were left to determine the question of law raised by them without any guidance by the court. Jordan v. Moulding Co., 72 Mo. App. 328. Because it fails to define the word "wilfully." This word is used in this instruction in a technical sense, and its meaning should have been defined Flint-Walling Mfg. Co. v. Ball, 43 Mo. App. 504; Mulderig v. Railroads, 116 Mo. App. 672; Ayers v. Railroads, 124 Mo. App. 422; State ex rel. v. Allen, 132 Mo. App. 113. (2) Instruction number 2, given on behalf of plaintiff, instructs the jury that if they find that plaintiff was wrongfully ejected from the train and that said ejection was done by "unnecessary force" and with abusive or insulting language, then the jury could take into consideration in estimating her damages all inconvenience she sustained in consequence of such wrongful act, and also allow her for her mental suffering and humiliation, if any, in a sum not to exceed $1000. This instruction does not comport with the petition. The petition states that if the agents of defendant in a "wilful, wanton, rude, boisterous, disgraceful and insulting manner drove and ejected" plaintiff off the train they should find the issues for the plaintiff. There is no allegation in the petition of any force used, and the incorporation of the term

"unnecessary force" was not sanctioned by it. Sedalia Gas Light Co. v. Mercer, 48 Mo. App. 644; Koenig v. Union Depot Ry. Co., 173 Mo. 698; Nugent v. Kauffman Milling Co., 131 Mo. 241; Sparks v. Dispatch Transfer Co., 104 Mo. 531; Merrett v. Poulter, 96 Mo. 237. Issues cannot be tendered by the evidence in the case. State ex rel. Nunnelee v. Horton Land and Lumber Co., 161 Mo. 664. The mere fact that the collector took hold of the plaintiff and turned her around and pushed her so that she went down the steps, no injury being done, was not under the circumstances unnecessary force—he was refusing to admit her on the train. (3) The instructions attacked warranted the jury in awarding the plaintiff, a married woman, damages for the impairment of her ability to perform domestic service to the family, and all other damages she may have sustained by reason of the train collector forbidding her to enter the train, and the jury awarded her $500 damages, although the act was done in the presence of her husband and she was caring for him at that time. R. S. 1909, sec. 8309; Blair v. Railroad, 89 Mo. 334; Plummer v. Trost, 81 Mo. 425; Clow v. Chapman, 125 Mo. 101; Plummer v. City of Milan, 70 Mo. App. 598; Kirkpatrick v. Railroad, 129 Mo. App. 524; Nelson v. Railroad, 113 Mo. App. 659. (4) Loss of earnings is a special damage that must be specially pleaded and proved. Her services as housekeeper for her family belong to her husband, and in claiming damages for loss of the last mentioned services it devolved on the plaintiff to show affirmatively that she was entitled to such damages. Her omission to introduce evidence on this issue constituted a failure of proof. Snickles v. St. Joseph, 155 Mo. App. 308; Nelson v. Railroad, 113 Mo. App. 659. (5) The plaintiff was living with her husband, and not separate and apart from him, and therefore he was entitled to her earnings. Smith v. Railroad, 119 Mo. 246; Becker v. Lincoln Real Estate Co., 118

Mo. App. 74.   (6)   There was no physical injury inflicted on the plaintiff, and she therefore cannot recover any compensatory damages on account of mental anguish, and especially not $500, the amount found by the jury in this case.   Spohn v. Railroad, 116 Mo. 617; Trigg v. Railroad, 74 Mo. 147; Boling v. Railroad, 189 Mo. 219.   (7)   The trainmen were not guilty of malicious or insulting conduct toward plaintiff, but they honestly believed that her husband was intoxicated; and she, having beer bottles in her hand, attempting to get on the train, was guilty herself in, assisting him, and that being the case she could not recover for mental anguish under the facts in this case.   Smith v. Railroad, 122 Mo. App. 85; Bouillon v. Gas Light Co., 148 Mo. App. 462; Connell v. Tel. Co., 116 Mo. 34; Voss v. Bolzenius, 147 Mo. App. 375; Smith v. Railroad, 127 Mo. App. 53; Spohn v. Railroad, 116 Mo. 617; Bolles v. Railroad, 134 Mo. App. 696; White v. Railroad, 132 Mo. App. 339; Glover v. Railroad, 129 Mo. App. 563.   (8)   Under the authorities cited under points 6 and 7, the court erred in refusing instruction number 8, asked by defendant, and the damages assessed by the jury are excessive for the same reason.

*Ward & Collins* for respondent.

(1)   Instruction number 1 requires the jury to find that plaintiff was a passenger and had boarded the train and then makes it the defendant's duty "to accord plaintiff respectable, kind and courteous treatment and to well and safely carry plaintiff from Hayti to St. Louis."   That is clearly the law in this State. Grayson v. St. Louis Transit Co., 100 Mo. App. 71; Fabor v. Railroad, 116 Mo. 91; Eads v. Railroad, 43 Mo. App. 536; McLain v. Railroad, 131 Mo. App. 739; Boling v. Railroad, 189 Mo. 238; Smith v. Railroad, 127 Mo. App. 53; Keen v. Railroad, 129 Mo. App. 307.

(2) Where the conductor employs unnecessary force or violence to remove the passenger, or where he assaults him with abusive or insulting language, malice will be presumed, and in such case the passenger is entitled to damages on account of his outraged feelings and humiliation and also may recover punitive damages. Glover v. Railroad, 129 Mo. App. 571; Smith v. Railroad, 122 Mo. App. 88; White v. Railroad, 132 Mo. App. 345; Wilson v. Railroad, 160 Mo. App. 659; Harlers v. Electric Ry. Co., 123 Mo. App. 28; Smith v. Railroad, 127 Mo. App. 60; Voss v. Bolzenius, 147 Mo. App. 380; Bowles v. Railroad, 134 Mo. App. 750; Boling v. Railroad, 189 Mo. 238; Hickey v. Welch, 91 Mo. App. 4.

ALLEN, J.—Plaintiff sues for damages alleged to have accrued to her by reason of being wrongfully ejected from a passenger train of the defendant, such ejection being accompanied by alleged abusive and insulting language on the part of defendant's servants. There was a verdict and judgment below for plaintiff, in the sum of five hundred dollars, and the defendant prosecutes the appeal.

On or about March 5, 1911, plaintiff, together with her husband, undertook to take passage upon one of defendant's passenger trains at Hayti, Missouri, for transportation as passengers thereon to the city of St. Louis. Plaintiff and her husband lived upon a farm some five miles from Hayti. The train upon which they contemplated taking passage arrived at Hayti about midnight. Plaintiff's husband was very sick and was being taken to St. Louis to a hospital. It appears that he was very weak, and in a state of utter collapse, and perhaps to some extent under the influence of drugs which a physician had administered to him. It seems that on the way to the railroad station plaintiff procured some whiskey from a neighbor to give her husband, because of his weakness, but that

he could not take and retain any of it, and that plaintiff put a small quantity thereof in a beer bottle, and some water in another such bottle, which she took with her in order to later administer a stimulant to her husband.

It is quite clear that plaintiff's husband was not intoxicated at the time in question, for the testimony is that he had taken no intoxicant, except the little whiskey administered to him en route to the station, which he was unable to retain; and his physician testied that for some days prior thereto plaintiff's husband had objected to taking anything containing whiskey for the reason that it was nauseating to him.

When the train in question stopped at the station at Hayti, plaintiff and her husband attempted to enter one of the sleeping cars thereof, plaintiff's husband being assisted by plaintiff and a young man who attended them. It appears that the entrance to the sleeping car was closed, and plaintiff testified that one of defendant's servants told her to go forward and enter a chair car and pass through that car into the sleeping car. Plaintiff testified that she undertook to do this, and that she and the young man with them assisted her husband in getting upon the platform of the chair car; that she was about to enter the chair car when defendant's conductor appeared at the car door and said: "What are you trying to do here?" Plaintiff says that she told the conductor that she was taking her husband to St. Louis to a hospital, whereupon the conductor said: "You are not coming aboard this train—he is drunk;" that she stated that her husband was not intoxicated, but sick, and that she wanted to take him back into the sleeping car, but the conductor said: "You can't get on here. I know a drunk man when I see him. What do you take me for? You think I don't know a drunk man when I see one. We have had drunks on all night. And here's where we put you all off." Plaintiff says that the conductor

then asked her what she had in her hands, and when she replied that it was "a little whiskey and a little water," the conductor said: "You have got your hands full of beer."

Plaintiff testified that the conductor spoke in a loud, harsh voice, and that he took hold of her shoulders with both hands, turned her around, and pushed her down the car steps; that she fell against her husband who was holding to the handrail; and, that against plaintiff's protests, the conductor took hold of her husband, pulled his hand loose from the rail, and forced all of them from the platform and car steps; that as they were being thus ejected, the brakeman came up and, seizing plaintiff's husband, said: "Yes, here's where you all get off. We have had drunks on all night."

It appears, in point of fact, that defendant's servant whom plaintiff in her testimony referred to as the conductor, was the train collector. He admitted that he refused to permit plaintiff's husband to board the train for the reason that the man seemed to be in a stupor, and the collector thought he was intoxicated. He testified, however, that he told plaintiff that she could take passage upon the train, without her husband, if she so desired, but that plaintiff declined to go without her husband, and left the car of her own accord. He denied using the language attributed to him by plaintiff, or that he spoke in a loud or harsh tone of voice.

No point is made in appellant's brief before us that its demurrer to the evidence should have been sustained, and hence we shall not discuss that question. The remaining assignments of error pertain to the instructions, and to the point made that the verdict is excessive.

The first instruction give for plaintiff told the jury, in substance, that if they found from the evidence that plaintiff boarded one of defendant's pas-

senger trains at Hayti, for the purpose of becoming
a passenger thereon and to be transported to the city
of St. Louis, and was prepared to pay the regular
passenger fare between said points, then it was the
duty of defendant's agents, servants and employees
in charge of such train to accord to plaintiff respec-
table, kind and courteous treatment, and to well and
safely carry plaintiff to her said destination; that if
the jury found from the evidence that defendant's
servants and employees in charge of and operating
such train, "willfully, rude and in an insulting
manner drove and ejected plaintiff off said train.
without any justification or excuse, as defined in other
instructions given in this case, and refused to permit
plaintiff to be carried on said train," then their ver-
dict should be for plaintiff.

This instruction is first assailed upon the ground
that it submitted to the jury a mixed question of law
and fact, i. e., whether the train employees ejected
plaintiff from the train "without any justification or
excuse," this expression not being defined in any other
instruction. But we cannot say that the use of these
words in the instruction was reversible error. There
was evidence to support the instruction, in that plain-
tiff, though ready to pay her fare, and herself un-
objectionable as a passenger, was ejected from the
train; such objection being accompanied by insult. It
fully appears that plaintiff did nothing herself which
could have given any justification or excuse for de-
fendant's servants to put her off the train and insult
and humiliate her. In fact, defendant's train collector
testified that she was "a well dressed, nice looking little
woman," and that she was not boisterous, but "just
seemed to be anxious for the man to go." There was
therefore nothing to justify or excuse the conduct of
defendant's servants toward her, if the jury found
that defendant's servants "willfully, rude and in an
insulting manner, drove and ejected plaintiff off said

train,'' as the instruction requires the jury to find. The defendant could not therefore have been prejudiced by the use of the words in question in the instruction.

Another ground of complaint against this instruction is that it used the word "willfully," without defining it. And it is said that the word is used in the instruction in a technical sense and that its meaning should have been defined. But we are unable to concur in this view. The word is used in the instruction in its ordinary and popular sense and meaning, and as such requires no definition. There is no occasion to tell the jury the meaning of ordinary words and phrases, which must be understood by anyone competent to serve upon a jury. [See Kischman v. Scott, 166 Mo. 214, 65 S. W. 1031; Cody v. Gremmler, 121 Mo. App. l. c. 363.]

The second instruction given for plaintiff is as follows:

"If your finding in this case is for the plaintiff, and you find that plaintiff was wrongfully ejected from the train by defendant's agents and employees in charge of said train, and that said ejection was done by unnecessary force and with abusive or insulting language, then you may take into consideration in estimating plaintiff's damages, all the inconvenience, if any, plaintiff sustained, in consequence of such wrongful act; and also allow plaintiff for her mental suffering and humiliation, if any, in the sum total, not to exceed $1000.''

The first attack upon this instruction is that it does not follow the lines of plaintiff's petition because of the use of the words "by unnecessary force." But if there was any error in the instruction in this respect it was harmless. It is true that the petition does not count upon unnecessary force used in ejecting plaintiff from the train, but avers that the same was accompanied by abusive and insulting language. This instruction, however, authorizes the jury to take certain

matters into consideration in estimating plaintiff's damages, if the jury find that plaintiff was wrongfully ejected "and that said ejection was done by unnecessary force *and* with abusive or insulting language." In other words the jury were required to find that the ejection was both with unnecessary force and with abusive or insulting language. The jury were thereby simply required to find more than was essential to a recovery by plaintiff of the damages authorized by the instruction to be assessed in her favor. Though no unnecessary force be employed, a passenger, in such cases, is entitled to recover for unnecessary insult and humiliation by abusive and offensive language or conduct. [See Boling v. Railroad, 189 Mo. 219, 88 S. W. 35; White v. Railway, 132 Mo. App. 339, 112 S. W. 278; Glover v. Railroad, 129 Mo. App. 563, 108 S. W. 105; Smith v. Railroad, 122 Mo. App. 85, 97 S. W. 1007.]

It is also urged that, inasmuch as no physical injury was inflicted upon plaintiff, she cannot recover compensatory damages on account of mental anguish. And in support of this we are referred to: Boling v. Railroad, supra; Spohn v. Railroad, 116 Mo. 617, 22 S. W. 690; and Trigg v. Railroad, 74 Mo. 147.

The Boling case, supra, is not authority for appellant's position. On the contrary, though it was held that the conductor, under the circumstances, had the right to remove the plaintiff from the train, the court said: "He had no right to use unnecessary and insulting language to her and thereby hurt her feelings and humiliate her, and if he did so, she was entitled to recover compensatory damages for such injured feelings and humiliation, but nothing in the way of punitory or exemplary damages." [See Boling v. Railroad, supra, l. c. 238.]

There can be no doubt as to the rule which obtains in cases such as Trigg v. Railroad, supra, and Spohn v. Railroad, spura, which followed the Trigg

case. [See also Connell v. Telegraph Co., 116 Mo. 34, 22 S. W. 345, and authorities cited.] But where, as here, the wrongful act complained of is accompanied by abusive, insulting and humiliating language or conduct, a recovery may be had of compensatory damages for injured feelings and humiliation. And cases of the character such as that before us are numerous in which compensatory damages have been allowed for mental suffering, by way of humiliation and outraged feelings, where the carrier's servants have wrongfully ejected a passenger from its conveyance, and such ejection was accompanied by insult and abuse, though no physical injury was inflicted. [See Harless v. Railway, 123 Mo. App. 28, 99 S. W. 793; Boling v. Railroad; White v. Railway; Glover v. Railroad; Smith v. Railroad, supra. See, also, Voss v. Bolzenius, 147 Mo. App. 375, 128 S. W. 1.]

We are not here concerned with the right to recover punitive or exemplary damages, for none are allowed by this instruction, and by an instruction given for defendant the jury were forbidden to assess damages of that character.

It is also said that the instruction warranted a recovery of damages such as belonged to the husband, and recoverable only by him. But it is plain that no such elements of recovery are included in the instruction.

It is urged that the verdict is excessive; but we think it quite clear that we would not be warranted in disturbing it on this ground.

The judgment should be affirmed; and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.