Aubrey F. BRISBOISE, Appellant,

v.

KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Respondent.

No. 45365.

Supreme Court of Missouri,

En Banc.

June 10, 1957.

Rehearing Denied July 8, 1957.

Clarence C. Chilcott and Preston Forsee, Kansas City, for appellant.

E. E. (Tom) Thompson and Sam Mandell, Kansas City, Attorneys for respondent,

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

BOHLING, Commissioner.

Aubrey F. Brisboise sued the Kansas City Public Service Company, a corporation, and seeks $100,000 actual and $100,000 punitive damages for the consequential loss of his wife's, Pearl Brisboise's consortium under circumstances hereinafter detailed. A second amended petition was filed. Defendant filed a "motion to dismiss" on the ground said petition failed to state a claim; and a "motion, in the alternative, to strike" portions of said petition. Thereafter, the court dismissed said petition on the ground it failed to state a claim upon which relief could be granted and entered judgment for defendant for costs. Plaintiff has appealed.

The injuries to plaintiff's wife were the result of fright, shock, terror and alarm; and the essential issue presented is whether the facts alleged charged defendant with willful, wanton and reckless acts and conduct authorizing a recovery for fright, etc., and the alleged sequelae of physical injuries in the absence of contemporaneous bodily injury to plaintiff's wife.

Following allegations that defendant was a common carrier corporation in Kansas City, Missouri, plaintiff alleged that on October 29, 1951, one of defendant's streetcars collided with a motor vehicle his wife was operating and injured her as more particularly set forth in the petition.

Under the allegations of said petition (¶3) plaintiff's wife was operating a motor vehicle northbound on Main street, intending to enter the Capitol garage, located on the west side of Main street and south of 13th street. She operated the automobile across defendant's southbound streetcar track toward the entrance of the garage, but was unable to enter as another automobile ahead of her blocked said entrance and she was obliged to stop upon said streetcar track. It is alleged that another motorist was immediately to the rear of her auto-

mobile waiting to enter said garage; that when plaintiff's wife stopped upon said streetcar track, one of defendant's streetcars was stopped north of 13th street, approximately 150 feet north of her, awaiting a change in the traffic light to proceed southwardly; that said automobiles remained in their respective positions, and that after said traffic light changed "defendant started and operated said streetcar across said 13th street toward plaintiff in a threatening manner, and sounded or rang the bell or gong attached thereto, loudly and incessantly, and accelerated and slackened the speed thereof, and caused a loud and hissing sound until it arrived within a very short distance of plaintiff's said wife, and thereby so frightened and terrified plaintiff's said wife and so put her in fear of her life or great bodily injury that she attempted to back said motor vehicle off of said streetcar track in order to operate it around to the east of said streetcar, and thereby clear said streetcar track, and that every time said plaintiff's said wife backed her said motor vehicle in order to obtain space to turn the same, defendant moved said streetcar forward upon said streetcar track onto the space plaintiff's said wife intended to use to turn said motor vehicle, and thereby prevented plaintiff's said wife from operating said motor vehicle off said streetcar track; that said defendant continued to cause said streetcar to advance upon plaintiff's said wife in said threatening manner and finally caused and brought about a collision between said streetcar and said motor vehicle, and between said motor vehicle and the motor vehicle immediately following it, at all of which times plaintiff's said wife was in a helpless and inextricable position, and that the action and conduct of defendant so alarmed, shocked, terrified and frightened plaintiff's said wife, that as a direct and proximate result thereof, she then and there fainted and suffered an injury to her brain, resulting in the total paralysis of her left side, as a direct result of aforesaid fright, shock, terror and alarm."

Plaintiff further alleged that "said actions and conduct of the defendant was a willful, wanton, reckless and inhuman trespass against plaintiff's said wife and motor vehicle, intentionally and knowingly inflicted with a reckless disregard and indifference to the life, limb, rights and safety of plaintiff's said wife" (¶ 4); that they were "oppressive, malicious, and wholly unjustified"; that as a direct result thereof plaintiff's wife "was put in great mental distress, fear, apprehension, and as a direct result of such mental distress, fear and apprehension she was grievously and permanently injured" (¶ 5), suffering an occlusion, laceration, or rupture of the blood vessels of her brain, convulsions, unconsciousness, paralysis, constipation, nausea, depression, melancholia, nervousness, emotional instability, impaired power of locomotion, loss of sensation, inability to control her left side, arms and legs, and other conditions (¶¶ 5–7).

In this case there is no charge of a battery or a bodily injury resulting other than from alleged alarm, shock, terror or fright. The burden of plaintiff's alleged claim is that the action and conduct of the motorman so alarmed, shocked, terrified and frightened plaintiff's wife that the alleged physical injuries resulted therefrom.

I. Plaintiff argues that the alleged acts and conduct of the defendant, by and through its motorman, constituted a willful, wanton, reckless, oppressive and intentional tort. Defendant, not questioning liability for willful et cetera acts occasioning mental distress, contends the factual allegations of plaintiff's petition do not so charge, and characterizing them as such in the petition does not make them so.

We held in Therrien v. Mercantile-Commerce Bk. & Trust Co., Banc, 360 Mo. 149, 227 S.W.2d 708, 711 [3–9], in ruling a petition challenged in the trial court, precluding any issue of entrapment, for failure to state facts invoking a principle of substantive law entitling the pleader to relief,

that all properly pleaded facts and inferences fairly and reasonably to be drawn therefrom are taken as true, but neither conclusions of law nor conclusions of the pleader on the facts are admitted by the motion. Sections 509.040, 509.050, 509.250, 509.300, RSMo 1949, V.A.M.S.; Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596, 598 [5]; Bealmear v. Beeson, Mo.App., 263 S.W.2d 472, 476 [3, 4].

Many cases are cited in support of plaintiff's points. This is not a case involving some independent tort as assault, battery, false imprisonment, malicious prosecution, a trespass on land, an invasion of the right of privacy, a dead body, or an act committed with the intent of causing mental distress. It would extend this opinion beyond reasonable bounds to discuss all the authorities cited by plaintiff. Under our Rule 1.08(a)(3), 42 V.A.M.S. " * * * if more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first." We take up cases stressed by plaintiff.

In McClanahan v. St. Louis Pub. Serv. Co., 363 Mo. 500, 251 S.W.2d 704, 705 (same case, Mo.App., 242 S.W.2d 265), a ten-year old boy was clinging to the handholds on the outside of a double exit door of one of defendant's streetcars, with his toes on " 'that little ledge by the door,' " and was in a precarious position, fraught with perilous possibilities. The motorman motioned several times for the boy to get off and upon his failure to do so accelerated the speed of and violently jerked the streetcar causing plaintiff to fall and be injured (242 S.W.2d 267). We considered that the facts favorable to plaintiff charged the motorman with knowledge of the boy's precarious position; that accelerating the speed and causing the streetcar to violently jerk involved an unreasonable risk of bodily harm to the small boy, and, hence, plaintiff might state a claim for willful, wanton and reckless conduct; but that a case was not made under the humanitarian doctrine because after plaintiff was first in imminent

peril defendant did not have time thereafter to avert the casualty. 251 S.W.2d 708 [6, 7].

In Smith v. Siedhoff, Mo., 209 S.W.2d 233, 236 [3–8], plaintiff's instructions submitted primary and humanitarian negligence on the part of defendant; but plaintiff failed to make a submissible case on humanitarian negligence and the case was remanded for new trial.

Plaintiff states that under the above two cases he cannot submit "his case under the humanitarian doctrine" for a failure to stop, or to warn, or to keep a lookout, or to apply the brakes because the operator of the streetcar did stop, was sounding the bell or gong loudly and incessantly, was maintaining a lookout and knew of plaintiff's situation, was applying and releasing brakes intermittently, and that the only available ground for recovery is willful, wanton and reckless conduct.

In Reel v. Consolidated Inv. Co., Mo., 236 S.W. 43, 46 et seq., plaintiff was injured by the fall of a passenger elevator. There was evidence that a city inspector had twice previously notified defendant to put in new cables and had been promised new cables would be supplied. Carriers of passengers by elevator are required to exercise the highest degree of care and exercise the utmost care in the choice of machinery and appliances. The case was submitted under the res ipsa loquitur doctrine. The court considered the evidence showed defendant "knew and appreciated the imminent danger necessarily incident" to the continued use of the elevator and the failure to replace the cables for a period of six weeks could be found to constitute "an utter indifference to the rights of those whose lives and limbs were thereby daily and hourly imperiled, equivalent to intentional wrongdoing." See review of this case in State ex rel. Kurn v. Hughes, 348 Mo. 177, 153 S.W.2d 46, 50.

In Brown v. Payne, Mo., 264 S.W.2d 341, 343, 345, there was a verdict and judgment for actual damages only. However, the court considered plaintiff also made a submissible case for punitive damages, based on willful, wanton misconduct, there being evidence that defendant was operating an automobile at 60 m. p. h. on the highway while intoxicated, weaving from one side of the road to the other, and, after plaintiff had pulled over onto the shoulder, ran into the rear of the plaintiff's automobile.

Urie v. Thompson, 352 Mo. 211, 176 S.W. 2d 471, 475, held an employee of a railroad engaged in interstate commerce, who became afflicted with silicosis, failed to state a case based on negligence under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., but that the alleged facts were sufficient to state a case under the Boiler Inspection Act, 45 U.S.C.A. § 23, where negligence was not the basis for liability. We fail to see its application here.

Shellabarger v. Morris, 115 Mo.App. 566, 572, 91 S.W. 1005, 1007, involved two women engaged in raising chickens on adjoining premises. Plaintiff sued for assault and battery and, in a second count (pertinent here), for willful and malicious annoyance by loud noises, screaming, beating on tin pans, fences and iron. The court stated plaintiff did not seek damages for mental anguish but for injury to her health and business, and her case did not rest on negligence but was based on revengeful, wrongful and malicious acts, trespasses, constituting breaches of the peace and unlawful.

Hickey v. Welch, 91 Mo.App. 4, 14, the husband of the owner of leased premises committed a forcible trespass thereon, making it dangerous and nearly impossible for plaintiff and her children to enter the watercloset, applied vituperative and insulting language and epithets to plaintiff and her husband, got a shotgun and a pistol, pointed the pistol at plaintiff and threatened to shoot her, and afterwards menaced her with the shotgun. This constituted an aggravated forcible trespass and an assault,

and plaintiff was held entitled to compensatory damages and also punitive damages, defendant's conduct being characterized as heinous, displaying utmost spite, malice and inhumanity.

Where plaintiff's trial theory was willful, wanton and reckless conduct and not negligence, we said in Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570, 573 [8–10]: "Negligence is one kind of tort, an unintentional injury usually predicated upon failure to observe a prescribed standard of care (52 Am.Jur., Sec. 20) while a willful, wanton, reckless injury is another kind of tort, an intentional injury often based upon an act done in utter disregard of the consequences. 52 Am.Jur., Secs. 22, 23; 38 Am. Jur., Secs. 4, 5. Reckless conduct may be negligent in that it is unreasonable but it is and must be something more than unreasonable, 'it must contain a risk of harm to others in excess of that necessary to make the conduct unreasonable and therefore, negligent.' 2 Restatement, Torts, p. 1294. 'The actor's (defendant's) conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.' 2 Restatement, Torts, Secs. 500, 501."

■ Reckless conduct "must involve an easily perceptible danger of substantial bodily harm or death and the chance that it will so result must be great." 2 Restatement, Torts, p. 1294.

In State ex rel. Kurn v. Hughes, 348 Mo. 177, 153 S.W.2d 46, 51, certiorari to review Mason v. Kurn, Mo.App., 145 S.W.2d 465, same case, Mo.App., 154 S.W.2d 397, one Mason had been injured in an automobile-train collision at an unusually dangerous grade intersection. Prior thereto, citizens had notified defendant that the crossing was

unusually dangerous and requested that it be relocated, but defendant took no action to protect the traveling public. The court of appeals considered defendant's failure to protect the crossing constituted willful and reckless indifference to the rights of those using it. The sole issue on certiorari was the propriety of the punitive damages upheld by the court of appeals. Viewing the evidence in the light of the reciprocal duties of the plaintiff and defendant, we held that there was no evidence tending to show the railroad maliciously, willfully, intentionally or recklessly injured plaintiff, or establishing a conscious disregard of the rights of plaintiff constituting a willful or intentional wrongdoing, and that the evidence only showed negligence. We quoted and applied the following from Evans v. Illinois Central R. Co., Banc, 289 Mo. 493, 233 S.W. 397, 399, 400: "'The act cannot be both negligent and intentional at the same time. Such allegations are inconsistent. * * * Willfulness implies intentional wrongdoing. A wanton act is a wrongful act done on purpose, or in malicious disregard of the rights of others. Recklessness is an indifference to the rights of others and an indifference whether wrong or injury is done or not. As we understand the words "conscious disregard of the life and bodily safety," they add nothing to the words "willful, wanton, and reckless," and are included within the meaning of those words. As applied to an act, they necessarily mean that such act was intentionally done without regard to the rights of others, and in full realization of the probable results thereof. * * *

"'* * * An act cannot be held to be willful, wanton, and reckless by only showing a failure to exercise the degree of care due under the particular circumstances. * * *

"'Before a case can be submitted to a jury on the theory that the act complained of was willful, wanton, and reckless, something more than acts heretofore regarded as constituting mere negligence must be shown.'"

In Plant v. Thompson, 359 Mo. 391, 221 S.W.2d 834, 839 [5], a judgment for a passenger riding on a railroad pass precluding recovery unless injured by a willful and wanton act was reversed. The injury resulted from negligence in erroneously lining up a switch causing a freight engine tender to be sideswiped by a passenger engine before the freight engineer could correct the movement. The court approved 2 Restatement, Torts, § 500, supra, citing authority. See also Niedner v. Wabash R. Co., Mo.App., 219 S.W.2d 886, 891.

■ The allegations of fact in plaintiff's petition refute the idea of intentional wrongdoing on the part of the motorman, or of an indifference of the rights of plaintiff's wife or a conscious disregard of the consequences of his own conduct, or that a reasonable man would realize that his conduct created unreasonable risk of bodily harm and involved a high degree of probability that substantial harm would result to plaintiff's wife. The factual allegations to the effect that a collision was "finally caused and brought about" between the streetcar and the automobile operated by plaintiff's wife, without damage to the automobile or battery or physical injury to plaintiff's wife, charged negligence, an inadvertent act. The motorman was confronted with a traffic snarl occasioned by the improper acts of plaintiff's wife and other motorists blocking southbound traffic rightfully using the street. The pleaded acts do not establish an entire absence of care on the part of the motorman for plaintiff's wife or plaintiff's automobile. He was maintaining a lookout, was sounding the gong of the streetcar, was applying the brakes of the streetcar, intermittently accelerating and slackening its speed and stopping it, indicating that he was watching out for her safety and had no intention of willfully, wantonly or recklessly injuring her while endeavoring to open up the existing traffic snarl. The motorman may have been negligent; but his alleged conduct did not make him a willful, wanton, or reckless wrongdoer.

II. (a) Here plaintiff argues that the allegations of facts "were sufficient upon which to predicate actual and punitive damages, even though there was no bodily injury." We have just considered the factual allegations were insufficient to charge defendant with willful, wanton or reckless conduct.

We stated in Trigg v. St. Louis, K. C. & N. R. Co., 74 Mo. 147, 153, 41 Am.Rep. 305: "The general rule is that 'pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate, unless the injury is accompanied by circumstances of malice, insult or inhumanity.' [Citing authority.] If anxiety and suspense of mind are not a ground of recovery here, of course the effects are not."

In McCardle v. George B. Peck D. G. Co., 271 Mo. 111, 195 S.W. 1034, 1035, 1036 [2], companion case, 191 Mo.App. 263, 177 S.W. 1095, there was testimony permitting a finding that plaintiff had not sustained bodily injury in the fall of an elevator, and also testimony she had sustained bodily injury. Instruction No. 8 on behalf of defendant read:

"(8) 'You are instructed that the plaintiff cannot recover for any fright, terror, alarm, anxiety, or distress of mind caused by or resulting from the descent of defendant's elevator, if these were unaccompanied by some physical injury.

" 'You are further instructed that if you believe, from the evidence that plaintiff's present condition is the result of a fright or scare only then plaintiff cannot recover in this case.' "

In approving this instruction the court said:

"[2] II. The first paragraph of the eighth instruction for the defendant, which told the jury, in effect, that the defendant, is not responsible for mental suffering of plaintiff unless it was accompanied by phy-

sical injury, is correct. * * * [Here the court quotes from the Trigg case, supra, and cites additional authority.]

"III. The second paragraph of that instruction, which told the jury that, if the then present condition of the plaintiff was the 'result of fright or scare only,' the plaintiff could not recover, is a necessary result of the rule above laid down. If the defendant is not responsible for the mental shock and suffering of plaintiff, in the absence of accompanying physical injury, it is not responsible for physical injury caused by such mental shock and suffering."

In Porter v. St. Joseph Ry., L., H. & P. Co., 311 Mo. 66, 277 S.W. 913, 914(I), plaintiff claimed to have been injured when one of defendant's streetcars on which she was a passenger collided with a fire truck. Defendant appealed from an order granting plaintiff a new trial for alleged error in instructions Nos. 7 and 8. Instruction No. 7 was to like effect as instruction No. 8 in the McCardle case, supra. Court en Banc held there was no error in giving instruction No. 7, quoting and adopting the McCardle case, supra, and stating that the nonconcurrence of some members of the court with respect to the second paragraph of instruction No. 8 in the McCardle case was on the ground it did not apply under the facts and not that the opinion stated an incorrect rule of law.

In Weissman v. Wells, 306 Mo. 82, 267 S.W. 400, 401, 406 [4], the plaintiff was a passenger on a streetcar at night when the trolley came off, leaving the car in darkness, and another of defendant's streetcars ran into the rear of the one plaintiff was on with " 'a real hard bump, something like a gun went off.' " Plaintiff sustained a nervous shock, causing hysteria and resultant loss of voice, never before experienced by her. The court stated: " * * * if she suffered no physical injury, she was not entitled to recover for nervous shock alone."

Consult, among others, Perkins v. Wilcox, 294 Mo. 700, 242 S.W. 974, 978 [4]; Connell v. Western U. Tel. Co., 116 Mo. 34,

39 et seq., 22 S.W. 345, 346, 20 L.R.A. 172, 38 Am.St.R. 575; Spohn v. Missouri P. R. Co., 116 Mo. 617, 633, 22 S.W. 690, 692(2); Crutcher v. Cleveland, C. C. & St. L. R. Co., 132 Mo.App. 311, 318, 111 S.W. 891, 893; Smith v. Pullman Co., 138 Mo.App. 238, 245, 119 S.W. 1072, 1074; Annotations, 11 A.L.R. 1119; 40 A.L.R. 983; 76 A.L.R. 681; 98 A.L.R. 402.

Plaintiff's first three cited cases under "a," supra, involved forcible trespasses by the defendant on the premises of the plaintiff and circumstances constituting a willful wrong. Mollman v. Union El. L. & P. Co., 206 Mo.App. 253, 227 S.W. 264 [2] and Bouillon v. Laclede Gas Light Co., 148 Mo.App. 462, 468, 469, 129 S.W. 401, 402, involved entries into the home by meter readers. (The view taken by the court in the Mollman case, 227 S.W. 266, of the McCardle case, supra, is not in accord with the statement of court en banc in the Porter case, supra.) Hickey v. Welch, discussed under Point I supra, involved a forcible trespass accompanied by an aggravated assault. Wilson v. St. Louis & S. F. R. Co., 160 Mo.App. 649, 660, 142 S.W. 775, 779, involved a willful, wanton and malicious abuse of the dead body of plaintiff's wife in his presence and against his protests. The case is not in point. Other cited cases rested on willful, wanton, reckless, or malicious conduct on the part of the defendant. Shellabarger v. Morris, discussed under point I, supra; Voss v. Bolzenius, 147 Mo.App. 375, 381, 128 S.W. 1, 2; Morris v. St. Louis & S. F. R. Co., 184 Mo.App. 65, 72, 168 S.W. 325, 327; Smith v. Atchison, T. & S. F. R. Co., 122 Mo.App. 85, 97 S.W. 1007; Harless v. Southwestern Mo. El. R. Co., 123 Mo.App. 22, 28, 99 S.W. 793, 794. And others were based on negligence and plaintiff sustained bodily injuries in addition to suffering mental distress. Heiberger v. Missouri & K. T. Co., 133 Mo.App. 452, 113 S.W. 730; Gillogly v. Dunham, 187 Mo.App. 551, 174 S.W. 118, 120; Lowe v. Metropolitan St. R. Co., 145 Mo.App. 248, 130 S.W. 119; Hunter v. Fleming, Mo.App., 7 S.W.2d 749, 753 [5].

(b) Plaintiff also states that it is not necessary to a recovery that there be a connection between the fright and mental anguish received by plaintiff's wife and the physical injury inflicted, citing McCardle v. George B. Peck D. G. Co., 271 Mo. 111, 195 S.W. 1034, 1936 [2], companion case in 191 Mo.App. 263, 177 S.W. 1095, 1096; Hunter v. Fleming, supra; Bedenk v. St. Louis Pub. Serv. Co., Mo., 285 S.W.2d 609, 611, 613, 617. Each of the above cases sounded in negligence and in each there was evidence plaintiff received bodily injuries. We understand the evidence on bodily injuries was conflicting in the McCardle cases. The cases recognize the rule applied by the trial court.

(c) Plaintiff first cites McCardle v. George B. Peck D. G. Co., 191 Mo.App. 263, 177 S.W. 1095, 1096; Derschow v. St. Louis Pub. Serv. Co., 339 Mo. 63, 95 S.W.2d 1173, 1175; Scott v. Missouri Ins. Co., Mo.App., 222 S.W.2d 549, same case 361 Mo. 51, 233 S.W.2d 660 (and, among others, some cases hereinbefore considered), to the statement that the rupture of a blood vessel in the brain causing a cerebral hemorrhage is a physical or bodily injury. We have heretofore discussed the McCardle cases. They and the Derschow case were negligence cases in which there was evidence of bodily injuries. Such cases are distinguished from the instant case in that here we have no battery and, under Missouri authorities, if the negligent act causes mental distress, but no bodily injury, there is no liability, although bodily injury results from the mental distress. The Scott case was an action on an insurance policy and involved alleged misrepresentations as to the insured's health. We fail to see its applicability.

 In the instant case plaintiff's wife, while operating the motor vehicle, was required to exercise the highest degree of care of a reasonably careful and prudent operator of motor vehicles. Borgstede v. Waldbauer, Banc, 337 Mo. 1205, 88 S.W.2d 373, 374 [4, 5]; Faught v. Washam, Mo., 291 S.W.2d 78, 82 [4, 5].

It is stated in Atchison, T. & S. F. R. Co. v. Calhoun, 213 U.S. 1, 9, 29 S.Ct. 321, 323, 53 L.Ed. 671: "But, even where the highest degree of care is demanded, still the one from whom it is due is bound to guard only against those occurrences which can reasonably be anticipated by the utmost foresight. It has been well said that, 'if men went about to guard themselves against every risk to themselves or others which might, by ingenious conjecture, be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things.' Pollock, Torts, 8th Ed. 41." See Wommack v. Orr, 352 Mo. 113, 176 S.W.2d 477, 482 [5, 6]; Martin v. First Nat. Bk., 358 Mo. 1199, 219 S.W.2d 312, 318 [4], 8 A.L.R.2d 435 and cases there cited; Crutcher v. Cleveland, C. C. & St. L. R. Co., 132 Mo.App. 311, 318, 111 S.W. 891, 893; Bohlen, Studies in the Law of Torts (1929), 260.

The law exacts of all men, not specifically excepted, conformance to standards applicable to all under like circumstances. One must know or be chargeable with knowledge of facts whch render foresight possible to be actionably negligent. Modern affairs could not be carried on if all were required to regulate their conduct to conform to the temperaments of individuals abnormally susceptible to emotional disturbances. Streetcars and automobiles are no longer innovations. Motorists of the present day are used to the sound of gongs on streetcars and horns on automobiles and the hiss of escaping air from the application of the brakes on streetcars and motor vehicles equipped with air brakes, and, on occasions, contacts of automobiles with other vehicles resulting in no damage to the vehicles or battery to the person. To hold present day users of city streets liable under the factual allegations of plaintiff's

petition would extend their foresight beyond the standards established by law, place an unreasonable burden upon the use of the streets, and, where the defendant is not charged with knowledge that the person involved is other than normal, should not be made the basis of an action for abnormal damages having their foundation in mental distress or fright alone.

The judgment should be affirmed. It is so ordered.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

HOLLINGSWORTH and STORCK-MAN, JJ., concur.

DALTON, C. J., and WESTHUES, EAGER and LEEDY, JJ., concur in result.

HYDE, J., dissents.