**C. E. ROSE, Respondent,**

v.

**MISSOURI PUBLIC SERVICE COMPANY, Appellant.**

**No. KCD 29828.**

Missouri Court of Appeals,
Western District.

Sept. 4, 1979.

Wm. H. Sanders, D. Brook Bartlett, Judith Paxton Rea, Kansas City, for appellant.

Leon G. Kusnetzky, Robert C. Carter, Alan D. Schwartz, Leon G. Kusnetzky, P. C., Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Action by C. E. Rose against Missouri Public Service Company for damages for willful and wanton termination of electrical service. Verdict for defendant; new trial to plaintiff on giving of instruction on behalf of defendant defining "willfullness" and "wanton act." Reversed.

Plaintiff alleged that defendant "willfully and maliciously" interrupted electrical service to his calf feeding operation. The action was based on defendant's Rule 2.01, filed with the Missouri Public Service Commission, which provides:

"The Company shall not be liable for damages or losses which the consumer may sustain due to interruptions in service * * * except such damages which are caused by or due to the willful and wanton misconduct of the Company * * * ."

Both parties agree the testimony is irrelevant to the question on appeal.

A verdict was directed for plaintiff by Instruction No. 3:

"Your verdict must be for the plaintiff if you believe:

First, plaintiff was a customer of defendant and was receiving electrical power service;

Second, defendant terminated such electrical service to plaintiff's premises;

Third, defendant's acts in so doing were malicious, willful, or wanton; and

Fourth, plaintiff was thereby damaged. (Not in MAI)."

Plaintiff's submission was conversed by defendant by Instruction No. 4:

"Your verdict must be for defendant if you do not believe defendant's acts, as submitted in Instruction No. 3 were malicious, willful, or wanton, and that plaintiff sustained damage as a direct result thereof. (MAI 33.03(5) (Modified)."

"Malicious" was defined on behalf of plaintiff by Instruction No. 5:

"The word "malicious" as used in these instructions does not mean hatred, spite or ill will, as commonly understood, but means the doing of a wrongful act intentionally (MAI 16.01)."

Additional definition was given on behalf of defendant by Instruction No. 6:

"Willfullness implies intentional wrongdoing. A wanton act is a wrongful act done on purpose, or in malicious disregard of the rights of others. (Not in MAI)."

The verdict was for defendant, and plaintiff moved for a new trial on the ground, among others, "the court erred in giving Instruction No. 6 * * * since said Instruction was argumentative, repetitious, and not consistent with the directives of Missouri Approved Instructions."

The court awarded a new trial "on the basis that the court erred in giving Instruction No. 6 * * * as set out in * * * plaintiff's motion for new trial."

Appellant contends the definitions supplied by Instruction No. 6 were necessary to guide the jury under the submission of plaintiff's case by Instruction No. 5, and that they were correctly defined.

Respondent does not demonstrate that Instruction No. 6 is argumentative or repetitious, as charged in the motion for new trial, and neither characteristic appears on this record. He argues the definitions confused the jury and were not accurate.

Plaintiff's case was predicated on "willful and wanton misconduct" of Missouri Public Service Company, under its Rule 2.01, to which his submission added "malicious." He defined "malicious" by Instruction No. 5, but did not define "willful and wanton," thus leaving the jury without guidance as to the meaning of two of the three operative words in his submission. This guidance was furnished by Instruction No. 6, "to fairly submit the issues," Rule 70.02(e), and did so in the form of MAI. "Willful" and "wanton," as used in this case are technical words. Instruction No. 6 aids in the avoidance of doubt as to their meaning, and it was thus not error to give the Instruction. *Black v. Kansas City Southern R. Co.,* 436 S.W.2d 19 (banc 1968). See also *Forsythe v. Starnes,* 554 S.W.2d 100 (Mo.App.1977) and *S. P. Personnel Assoc. etc. v. Hospital Bldg. & Equip. Co.,* 525 S.W.2d 345 (Mo.App. 1975); *Quirk v. Metropolitan St. Ry. Co.,* 200 Mo.App. 585, 210 S.W. 103 (1919), that the meaning of legal and technical terms should be explained to the jury.

The definitions in Instruction No. 6 are accurate. They are quoted from *Evans v. Illinois Cent. R. Co.,* 289 Mo. 493, 233 S.W. 397, 400 (1921); and have been given on several occasions, e. g. *State ex rel. Kurn v. Hughes,* 348 Mo. 177, 153 S.W.2d 46 (1941); *Brisboise v. Kansas City Public Service Co.,* 303 S.W.2d 619 (banc 1957); *Voss v. American Mutual Liability Insurance Co.,* 341 S.W.2d 270 (Mo.App.1960).

Instruction No. 6, together with Instruction No. 5, provided the jury with accurate definitions of the operative, technical words in Instruction 3. With such definitions, Instruction No. 3 was understandable. With "malicious" alone defined, the jury could have been misled, confused and left to puzzle over the meaning of plaintiff's submission and Rule 2.01 from which his action sprung. The court properly gave such In-

struction, and thus erred in awarding a new trial on the ground specified.

Accordingly, the judgment is reversed and the cause is remanded with directions to reinstate the jury's verdict.

All concur.