## BATTLE McCARDLE, Respondent, v. GEORGE B. PECK DRY GOODS COMPANY, Appellant.

**Kansas City Court of Appeals, June 14, 1915.**

1. **NEGLIGENCE: Bodily Injury: Fright: Nervousness: Damages.** A large mercantile establishment operated elevators to take customers from floor to floor. A woman entered one on the second floor to descend to the street floor. Through negligent defects in the elevator, it failed to stop and ran rapidly to the basement where it struck violently against the elevator shaft. This frightened and terrified the woman and other passengers, and hurt her bodily, as well. Bodily injury further developed, as well as great nervous derangement. It was *held* that, the bodily injury, anguish of mind and nervous derangement, were all elements of damages in her husband's action for loss of services.

2. **FRIGHT: Terror: Injury: Jolt: Internal Injury: Damages.** Fright, terror and nervous derangement, accompanied by bodily injury caused by negligence, become elements of damages. And such physical injury may be wholly internal, and it may be caused by a jar or jolt, resulting from the impact of an elevator where it has dropped to the bottom of the shaft.

3. **———: Physical Injury: Nervous Injury: Damages.** If a negligent act causes fright and terror, but not bodily injury, there is no liability, though bodily injury should result from the fright. But if the negligence causes physical injury, and fright, there is liability for both; and, in that case, the injuries, physical and nervous, which are caused and followed by the fright, also are elements of damage.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie*, Judge.

AFFIRMED (*conditionally*).

*McCune, Harding, Brown & Murphy* and *R. B. Caldwell* for appellant.

*Boyle & Howell* for respondent.

ELLISON, P. J.—Plaintiff's action is based on loss of services of his wife, occasioned by injuries he alleges she received through the negligence of defendant. He recovered judgment in the circuit court.

Defendant is proprietor of a large retail mercantile establishment in Kansas City and operates elevators to carry customers to and from the different floors of the building. It was in one of these elevators that plainiff claims his wife was injured, by reason of its being allowed to fall to the bottom of the shaft. The evidence is abundant that the elevator in which she entered did not descend properly, either from defects in the structure itself, or some of the apparatus connected with it. On more than one occasion it could not be stopped and had struck the bottom with such force as to break the mirror in the car. Defendant insists that whatever the wife suffered at the time, in addition to ailments with which she was then already afflicted, was caused by fear and fright; and that whatever inconvenience, or bodily derangement she may have suffered since, was the result of nervous fright, unaccompanied by bodily injury at the time, and that for such misfortune, it is not liable. On the other hand, plaintiff contends that the terrifying situation in which his wife was placed and the sudden impact of the elevator with the bottom of the shaft, caused great fright and at the same time inflicted bodily injury, from which continued mental suffering and bodily distress developed. These are the lines of dispute between the parties.

If defendant is right on the facts, the judgment is without legal support and should be reversed. For the law is, that mere fright and mental distress, though caused by negligence, will not support a cause of action. [Connell v. Western Union, 116 Mo. 34; Strange v. Railroad, 61 Mo. App. 586; Crutcher v. Railroad, 132 Mo. App. 311; Dye v. Railroad, 135 Mo. App. 254; Morris v. Railroad, 228 Pa. St. 198; Huston v. Free-

manburg, 212 Pa. St. 548; Ewing v. Railroad, 147 Pa. St. 40; Mitchell v. Railroad, 151 N. Y. 107; Reed v. Ford, 129 Ky. 471; White v. Sander, 168 Mass. 296; Spade v. Railroad, 168 Mass. 285.]

But if, besides fright, the negligent act inflicts physical injury, external or internal, then fright, mental distress or anguish and further resulting bodily ailments, even though attributable to the fright, attach to the original physical injury and the whole may be considered in the allowance of damages. [Porter v. Railroad, 73 N. J. L. 405; Kennell v. Gershonovitz, 84 N. J. L. 577; Shay v. Ry. Co., 66 N. J. L. 334; Conley v. United Drug Co., 218 Mass. 238; Folk v. Railroad, (S. C. 1914), 83 S. E. 452; and authorities hereinafter cited.]

The rule of law, in this respect, may be stated in this way: If the negligent act causes fright and terror, but not bodily injury, there is no liability, though bodily injury should result from the fright. But if the negligence causes physical injury and fright, there is liability for both; and the injuries, physical and nervous, which are caused and followed by the fright, also are elements of damage.

Now to which branch of the law do the facts of the case apply? Plaintiff's wife was on the second floor of the building. She entered the elevator to descend to the street floor; there were others in the elevator. The operator failed to stop at the street floor, but passed it rapidly and struck the bottom of the shaft in the basement below. The language of an eyewitness (an elevator boy) who stood in the basement, at the elevator shaft, was that, "instead of stopping at the first floor, it came on down and hit the bottom with a crash, and I heard a woman scream and a little baby started to crying." Other witnesses, one of them a friend of plaintiff's wife and whom the latter had left on the second floor, heard the screams of women and then the "crash." She knew something

had happened and ran down the stairway to the first floor, crying. The operator left the elevator and the other operator who was standing in the basement at the bottom of the shaft, took charge and ran back to the first floor, when plaintiff's wife got out and met her friend whom she had left a moment before on the second floor. This friend testified that she was white, trembling and could hardly walk.'' They went into a store next door. The witness said she was ''pale and sick and could not go any more.'' They sat down and she put her hand to her side and frequently to her back. A small discolored place appeared on her body and blood passed with her urine next day; yet there was no evidence that she was thrown against the elevator. For a long time afterwards she was sorely afflicted with physical derangements of different kinds, accompanied with distressing nervous disorder. It is true, as we have above intimated, defendant endeavored to connect her afflictions with similar sickness prior to the accident, perhaps resulting from childbirth; but, the verdict being for plaintiff, we must accept the evidence in his behalf. We think it shows liability.

The defendant offered an instruction which the court modified by adding the words in italics, viz. ''You are instructed that the plaintiff cannot recover for any fright, terror, alarm, anxiety or distress of mind suffered or experienced by plaintiff's wife and caused by or resulting from the descent of defendant's elevator, if these were unaccompanied by some physical injury, or *jolting, jarring or shaking of the body of plaintiff's wife.* You are further instructed that if you believe from the evidence that the present condition of plaintiff's wife is the result of a fright or scare only, then plaintiff cannot recover.''

The instruction as modified, to be properly understood must be applied to the evidence. As we have already stated, it was shown that after the fall of the elevator, plaintiff's wife was afflicted with different

internal bodily injuries, and the case involved a discussion of bodily injury received from bodily contact with some outside object, as distinguished from an injury to the body resulting from the jolt or jar of the elevator when it struck the bottom of the shaft. As applied to the evidence, the instruction, as modified, merely meant that if plaintiff's wife received physical injuries, from the jolt or jar of her body caused by the fall of the elevator, it afforded plaintiff ground for recovery. And undoubtedly it did afford such ground. [Spade v. Railroad, 168 Mass. 285; Homans v. Boston Elevated Ry., 180 Mass. 456; Cameron v. New Eng. T. & T. Co., 182 Mass. 310; Driscoll v. Gaffey, 207 Mass. 102; Conley v. United Drug Co., 218 Mo. 238.] If the jar or jolt had caused her teeth to have severed her tongue, or if it had displaced some of her internal organs, or have sprained her back, or neck, certainly either of those things would have been bodily injuries, though the body, in one sense, did not come in contact with any outside substance, save the floor of the elevator upon which she stood, and against which her feet naturally were driven by force of the impact with the bottom of the shaft.

After a thorough examination of all the other instructions, we are convinced there is no reversible error to be found in the action of the court. Instruction number 11, given for the plaintiff is not subject to the criticism made by defendant. It does not belong to that class of instructions frequently condemned in the appellate courts, viz., one purporting to cover the whole case and directing a verdict, yet ignoring an issue in defense. It is a proper declaration of the law, which was necessary for the jury to know and, besides, it does not direct a verdict. Taken in connection with other instructions in the case, it was without fault.

Plaintiff's total claim for medicine and medical services, as expressed in his petition was five hundred

dollars.   The record before us is in rather awkward shape as to the verdict.   But we think it fairly appears that the jury has allowed five hundred and ninety dollars on that part of his claim.   This makes the verdict excessive in the sum of ninety dollars.   Plaintiff offers to remit that sum and will be permitted to do so.   The judgment will then be affirmed, the costs of the appeal being taxed against the plaintiff.   All concur.