## HENRIETTA E. McCARDLE, Appellant, v. GEORGE B. PECK DRY GOODS COMPANY.

### Division Two, May 29, 1917.

1. **NEGLIGENCE: Passenger Elevator: Failure to Stop: Evidence of Defective Construction: Instruction.** The failure of the elevator to stop at the proper place and the consequent injury of the passenger are evidence of negligence, and it is so strong that it raises a presumption of such negligence on the part of the elevator owner; and hence an instruction for defendant in an action by the injured passenger which tells the jury that there is no evidence that the elevator or its machinery "was defectively or improperly constructed," is error.

2. ——: ——: ——: ——: **Presumption and Burden.** When the evidence establishes the fact that plaintiff was a passenger on a passenger elevator, that it failed to stop at the proper place and that because of such failure plaintiff was injured, the law then presumes the negligence to consist of some defect in the construction of the elevator or its machinery or in the manner of its operation, and that presumption places on defendant the burden of proving that there was no negligence either in its construction or the operation, and an instruction which relieves defendant of that burden is error.

3. ——: **Damages: Mental Suffering Unconnected With Physical Injury.** An instruction telling the jury that a passenger "cannot recover" for any fright, terror, alarm, anxiety or distress of mind caused by or resulting from the descent of defendant's passenger elevator if these were unaccompanied by some physical injury" is correct, unless the mental suffering was engendered by circumstances of malice, insult or inhumanity.

4. ——: **Passenger Elevator: Standard of Care.** The standard of care required of a common carrier of passengers is the utmost care and skill which prudent men would use and exercise in a like business and under similar circumstances. Consequently an instruction for plaintiff which required only "that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances" was erroneous, as was one for defendant which said that "defendant in operating and maintaining said elevator was only required to use that degree of care which a prudent common carrier would exercise under like circumstances."

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas,* Judge.

REVERSED AND REMANDED.

*Charles M. Howell* and *Joseph S. Brooks* for appellant.

(1) Defendant in operating the elevator was a common carrier. Cooper v. Realty Co., 224 Mo. 709; Orcutt v. Century Bldg. Co., 214 Mo. 35; Lee v. Knapp, 155 Mo. 610; Lincoln R. E. & B. Co. v. Becker, 174 Mo. 246. And instruction number 1 given for defendant was erroneous. (2) Defendant as a common carrier was required to exercise the highest practicable degree of care, caution and diligence which prudent persons would exercise under like circumstances, and instructions numbered 1 and 7

given for defendants were erroneous, in that they required of defendant a lesser degree of care. Stauffer v. Met. St. Ry. Co., 243 Mo. 305-17; Price v. Met. St. Ry. Co., 220 Mo. 435; Briscoe v. Met. St. Ry. Co., 222 Mo. 104. (3) This is a *res ipsa loquitur* case. Its nature relieved plaintiff of the necessity of pleading or proving what caused the elevator to drop. The burden was on defendant to explain why it fell. An instruction which put on plaintiff the burden of proving the cause of the elevator's falling, or which told the jury there was no evidence of negligence in reference to machinery or elevator, invaded the province of the jury, took from the jury an issue made by the character of the case, and destroyed the *res ipsa loquitur* character of the case given plaintiff by the law, put on her the burden of showing negligence, and denied to her the right to have that issue passed upon by jury. And instruction number 2 given for defendant was error. Agnew v. Railroad, 178 Mo. App. 119; Hurck v. Railroad, 252 Mo. 39-51; Brown v. Railroad, 256 Mo. 522; Maier v. Railroad, 176 Mo. App. 29; Pattison v. Railroad, 178 Mo. App. 250-263. (4) If physical injury be sustained, recovery can be had for effects of mental shock, fright, scare and terror, and instruction number 8, given for defendant, was erroneous under the evidence. McCardle v. Peck D. G. Co., 191 Mo. App. 263; Shellabarger v. Morris, 115 Mo. 566; Dye v. Railroad, 135 Mo. App. 255; Lowe v. Railroad, 145 Mo. App. 248; Heiberger v. M. & K. Tel. Co., 133 Mo. App. 452. (5) If impact, contact, battery or force from without be applied to the person, recovery can be had for results of mental shock, fright, terror or scare, with or without physical injury, and instructions 5, 8 and 9 given for defendant were erroneous: Herke v. Railroad, 141 Mo. App. 613; Heiberger v. M. & K. Tel. Co., 133 Mo. App. 451; McCardle v. Peck D. G. Co., 191 Mo. App. 263; Shellabarger v. Morris, 115 Mo. App. 566; Hayter v. Railroad, 93 Tex. 239; Railroad v. Roller, 100 Fed. 738; Stewart v. Railroad, 112 La. 765; Hack v. Dady, 142 App. Div. 510, 127 N. Y. S. 122; Jones v. Railroad, 48 N. Y. S. 914; Pan-

kopf v. Hinkley, 141 Wis. 146; Railroad v. Murdock, 116
S. W. 139; Buchanan v. Railroad, 52 N. J. L. 264; Bain
v. Kentucky T. & T. Co., 161 Ky. 44; Railroad v. Owen,
156 Ky. 827; Steverman v. Railroad, 205 Mass. 508; Ho-
mans v. Railroad, 180 Mass. 456; Megathlin v. Elev. Ry.,
220 Mass. 538; Bell v. Railroad, 217 Mass. 408; McCarthy
v. Elev. Ry., 223 Mass. 568; Driscoll v. Gaffey, 207 Mass.
102; Conley v. United Drug Co., 218 Mass, 238; Traction
Co. v. Lambertson, 36 Atl. 100; Shay v. Railroad, 66 N.
J. L. 334; Kennell v. Gershonovitz, 84 N. J. L. 577; Porter
v. Railroad, 73 N. J. L. 405; Folk v. Railroad, 99 S. C. 284;
Cohn v. Realty Co., 148 N. Y. S. 39; Samarra v. Railroad,
238 Pa. St. 469; O'Meara v. Russell, 90 Wash. 557; Purcell
v. Railroad, 48 Minn. 134. (6) It is not necessary that the
physical injury be indicated upon the surface of the body
by a bruise or otherwise. Such injury is none the less
a physical injury from the fact that it is wholly internal,
or that it cannot be designated except by a post-mortem
examination, and instructions 5, 8 and 9 given for
defendant were erroneous. Shellabarger v. Morris, 115
Mo. App. 566; Dye v. Railroad, 135 Mo. App. 255; Homans
v. Railroad, 180 Mass. 456; Steverman v. Railroad, 205
Mass. 508; Cameron v. Tel. & Tel. Co., 182 Mass. 310;
Driscoll v. Gaffey, 207 Mass. 102; Bain v. Ky. T. & T.
Co., 161 Ky. 44. (7) Where physical injury results from
fright, scare, or mental shock caused by the wrongful act
or omission of another, the injured party is entitled to
recover damages, provided the wrongful act or omission
is the proximate cause of the injury, and instruction
numbered 8, given for defendant, was erroneous as tested
by the evidence in the case. Hayter v. R. R., 93 Tex. 239;
Bell v. Railway, 26 C. L. 428; Purcell v. St. Ry. Co., 48
Minn. 135; O'Meara v. Russell, 90 Wash. 557; Sedgwick on
Damages, 640. (8) It is immaterial whether the results
of fright, scare and mental shock accompany the accident
or flow from it, or whether nervous shock came through
battery or along with it, and instructions 5, 8 and 9, given
for defendant, were erroneous. Heiberger v. Telephone
Co., 133 Mo. App. 452; Hack v. Dady, 142. App. Div. N. Y.
510, 127 N. Y. S. 122; Steverman v. Railroad, 205 Mass.

McCardle v. Peck Dry Goods Co.

508; Homas v. Railroad, 180 Mass. 456; Samarra v. Railroad, 238 Pa. St. 469; O'Meara v. Russell, 156 Pac. 550.

*McCune, Caldwell & Downing* and *Harold M. Noble* for respondent.

(1) Plaintiff cannot adopt one theory of duty required of defendant, and then complain if the defendant adopts the same theory. Where the plaintiff, out of a superabundance of caution, elects to hold the defendant for want of ordinary care only, instead of the highest practicable degree of care, she cannot then complain if the defendant adopts a theory requiring at least as great a degree of care, but not, possibly, amounting to the highest practicable degree of care. Schofield v. Land Co., 187 S. W. 61; Stevens v. Crane, 116 Mo. 408; Phelps v. Salisbury, 161 Mo. 1; Honea v. Railroad, 245 Mo. 621; Allen v. Forschler, 189 S. W. 636; Horgan v. Brady, 155 Mo. 659. (2) Instruction number 7 is a correct statement of the law, as the defendant is not liable if the jury finds that there is no negligence on its part, and that the injury was occasioned by unavoidable accident, or by some cause which human precaution and foresight could not have averted. Clark v. Railroad, 127 Mo. 197; Briscoe v. Railroad, 222 Mo. 104; Zeis v. Brewing Assn., 205 Mo. 638; United States v. Railway, 189 Fed. 471; Steamship Co. v. Steamship Co., 24 How. 307. (3) Under the *res ipsa loquitur* doctrine, the sole inference or presumption is that there was some negligence at the very time of the alleged accident, and that alone. Accordingly, the court committed no error in instructing the jury that there was no evidence that this elevator, constructed twenty-three years before, and shown to have been changed a number of times since then, was defectively or improperly constructed, as this clearly refers to the initial construction. Moorhead v. Railroad, 17 Ohio, 340; In re Howett, 10 Pa. 379; Fugate v. Miller, 109 Mo. 281. (4) The plaintiff cannot recover for any fright, terror, alarm, anxiety or distress of mind caused by or resulting from the descent of defendant's elevator if these were unaccompanied by some physical injury, nor for physical injuries that may be caused solely by such mental disturbance. Further,

the burden is upon the plaintiff to show that she received a physical injury of some kind at the time of the alleged accident. Accordingly, defendant's instructions 5, 8 and 9 were correct and proper. Crutcher v. Railroad, 132 Mo. App. 311; Smith v. Pullman Co., 138 Mo. App. 245; Trigg v. Railway, 74 Mo. 147; Dalzell v. Hotel Co., 191 Mo. App. 379; Stout v. Kansas City Terminal, 172 Mo. App. 113; Connell v. Tel. Co., 116 Mo. 34; Railway Commrs. v. Coultas, 13 App. Cas. 222; Spade v. Railroad, 168 Mass. 285; Traction Co. v. Bain, 161 Ky. 44; Haile v. Railway, 60 Fed. 557; Railway v. Liebig, 79 Ill. App. 567; Railway v. Ray, 167 Ind. 236; Mahoney v. Dankwart, 108 Iowa, 321; Morris v. Railroad, 228 Pa. 198; Miller v. Railroad, 78 Ohio St. 309; Mitchell v. Railway Co., 151 N. Y. 101, 34 L. R. A. 781; Tiller v. Railway, 189 Fed. 994; Kyle v. Railroad, 182 Fed. 613; Railway v. Bragg, 69 Ark. 402; Braun v. Craven, 175 Ill. 401, 42 L. R. A. 199; Wyman v. Leavitt, 71 Me. 227; Nelson v. Crawford, 122 Mich. 466; Ward v. Railroad, 64 N. J. L. 383; Johnson v. Wells Fargo Co., 6 Nev. 224; Chuttick v. Transit Co., 224 Pa. 13; Norris v. Railway, 84 S. C. 15; Railway v. Trott, 86 Tex. 412.

ROY, C.—Plaintiff sued for $20,000 as damages for alleged personal injuries caused by the fall of a passenger elevator in defendant's department store in Kansas City in which the plaintiff was at the time a passenger. There was a verdict and judgment for the defendant, and the plaintiff has appealed.

A previous suit by the plaintiff's husband against the same defendant for damages for loss of services of the wife by reason of said alleged injuries is reported in 191 Mo. App. 263.

It is sufficient for the purposes of this case to say that the evidence tends to show that on December 26, 1911, said elevator, filled with passengers, including the plaintiff, on its way from the second to the first floor, could not be stopped, for some unknown reason, at the first floor, but passed on down to the bottom of the shaft in the basement, striking the bottom with a thud; that one or more of the passengers screamed; that no note was then taken of any

physical injury to any of them; that plaintiff left the building without complaining of any physical injury, and that evening called up Mr. Conkey, defendant's superin-. tendent, and said to him: "I don't know that I am hurt, but your elevator fell, and I thought you should know it."

The evidence also tends to show that immediately after such falling of the elevator the plaintiff was suffering from a severe nervous shock, and that about two days thereafter there was blood in her urine, and. that she continued in a very nervous condition, losing at times, for considerable periods, all self-control, suffering greatly from pains in her body.

Plaintiff's third instruction was as follows:

"The term negligence as used in these instructions means a failure to exercise ordinary care. Ordinary care is that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances."

Among defendant's instructions were the following:

"1. The court instructs the jury that the defendant did not undertake to insure or absolutely guarantee the safety of the plaintiff; that the defendant was not bound to have its passenger elevator and machinery absolutely safe, nor did the law require the defendant to adopt every. precaution to prevent plaintiff from being injured, and the defendant in operating and maintaining said elevator, was only required to use that degree of care which a prudent common carrier would exercise under like circumstances.

"2. The court instructs the jury that there is no evidence in this case tending to show that any part of the elevator in which plaintiff was riding or any part of the elevator machinery connected therewith was defectively or improperly constructed."

"8. You are instructed that the plaintiff cannot recover for any fright, terror, alarm, anxiety or distress of mind caused by or resulting from the descent of defendant's elevator if these were unaccompanied by some physical injury.

"You are further instructed that if you believe from the evidence that plaintiff's present condition is the result of a fright or scare only, then plaintiff cannot recover in this case."

I. The second instruction for the defendant was error. It told the jury that there was no evidence that the elevator or its machinery "was defectively or improperly constructed."

**Defective Construction.**

Orcutt v. Century Building Co., 201 Mo. 424, was a suit for damages for an injury suffered by one who was being carried in a passenger elevator. It was there held that a corporation running such an elevator is a carrier of passengers the same as the operator of a stage coach or a railroad. It was also there said:

"Defendants by this instruction placed upon the plaintiff the burden of showing the cause of the accident, whereas in such cases it is sufficient to show the accident and the attendant circumstances and conditions, when negligence will be presumed, and thereupon the burden is shifted to defendant to show that there was no negligence in the operation and construction of the elevator."

A long list of cases is there cited. It follows that when it is shown that a passenger is injured by such failure of the elevator car to stop at the proper place, such fact is evidence of negligence, and it is so strong that it raises a presumption of such negligence on the part of the owner of the car. The law does not undertake to say at what point such negligence occurred, but it does say that it is presumed to be in permitting the existence of some defect in the construction of the car or its machinery, or some fault in the manner of its operation. That presumption throws on the defendant the burden of proving "that there was no negligence in the operation and construction of the elevator." The glaring error of that instruction will appear when attention is called to the fact that defendant was just as much entitled to an instruction saying that there was no evidence of negligence in the operation of the car. If defendant was entitled to one, it was entitled to both, and that would clearly mean that it was entitled

to have a demurrer to the evidence sustained; and the firmly established doctrine of *res ipsa loquitur* would be repudiated in this case. The presumption that there was negligence in permitting the existence of some defect in the construction of the car can not be met and overcome by an instruction, but it must be overcome by evidence.

The respondent's brief contains this language:

"Under the *res ipsa loquitur* doctrine, the sole inference or presumption is that there was some negligence at the very time of the alleged accident, and that alone. Accordingly, the court committed no error in instructing the jury that there was no evidence that this elevator, constructed twenty-three years before, and shown to have been changed a number of times since then, was defectively or improperly constructed, as this clearly refers to the initial construction."

In answer to that we say that instructions are supposed to be written in plain, non-technical language for the comprehension of laymen, the jury. We have no doubt that the instruction was understood by the jury to refer to the condition of the car as it was at the time of the occurrence in question. Even if the instruction has the meaning which respondent now seeks to give it, it was error.

From the fact that the elevator could not be controlled, or was not controlled, the law presumes negligence. It is presumed that such negligence consisted in the fact that some defect in the original construction was allowed to continue, or that some later defect appeared and was not corrected, or that there was fault in the operation of the car. The burden of covering that whole ground with evidence to refute the presumption rested upon the defendant, and it was not entitled to substitute such an instruction in the place of evidence. We do not mean that it was necessary for the defendant to furnish evidence as to the construction of the car many years before the time in question, but it was necessary for it to show that there was no defect at the latter time, and that showing would refute the idea that there were any defects in the car still

remaining from the first construction or that there were any which had subsequently appeared.

II. The first paragraph of the eighth instruction for the defendant which told the jury, in effect, that the defendant is not responsible for mental suffering of plaintiff unless it was accompanied by physical injury is correct. The rule in this State was laid down in Trigg v. Railroad, 74 Mo. 147, thus: ''The general rule is that 'pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate, unless the injury is accompanied by circumstances of malice, insult or inhumanity.' ''

*Mental Suffering.*

That case is followed in Connell v. Western Union Tel. Co., 116 Mo. 34; Spohn v. Railway, 116 Mo. 617; Schmitz v. Railway, 119 Mo. 256; Crutcher v. Railroad, 132 Mo. App. 311; Smith v. Pullman Co., 138 Mo. App. 238.

III. The second paragraph of that instruction which told the jury that if the then present condition of the plaintiff was the ''result of fright or scare only '' the plaintiff could not recover, is a necessary result of the rule above laid down. If the defendant is not responsible for the mental shock and suffering of plaintiff in the absence of accompanying physical injury, it is not responsible for physical injury caused by such mental shock and suffering.

*Subsequent Physical Suffering.*

Spade v. Railroad, 168 Mass. 285, was like this in all material respects. It was there said:

''Not only the transportation of passengers and the running of trains, but the general conduct of business and of the ordinary affairs of life, must be done on the assumption that persons who are liable to be affected thereby are not peculiarly sensitive, and are of ordinary physical and mental strength. If, for example, a traveler is sick or infirm, delicate in health, specially nervous or emotional, liable to be upset by slight causes, and there-

fore requiring precautions which are not usual or practicable for travelers in general, notice should be given, so that, if reasonably practicable, arrangements may be made accordingly, and extra care be observed. But, as a general rule, a carrier of passengers is not bound to anticipate or to guard against an injurious result which would only happen to a person of peculiar sensitiveness. This limitation of liability for injury of another description is intimated in Allsop v. Allsop, 5 H. & N. 534, 538, 539. One may be held bound to anticipate and guard against the probable consequences to ordinary people, but to carry the rule of damages further imposes an undue measure of responsibility upon those who are guilty only of unintentional negligence. The general rule limiting damages in such a case to the natural and probable consequences of the acts done is of wide application, and has often been expressed and applied."

It was also there said:

"The law of negligence in its special application to cases of accident has received great development in recent years. The number of actions brought is very great. This should lead courts well to consider the grounds on which claims for compensation properly rest, and the necessary limitations of the right to recover. We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury; and if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without. The logical vindication of this rule is, that it is unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright; and that this would open a wide door for unjust claims, which could not successfully be met. These views are supported by the following decisions: Victorian Railways Commissioners v. Coultas, 13 App. Cas. 222; Mitchell v. Rochester Railway, 151 N. Y. 107; Ewing v. Pittsburg, Cincinnati, Chicago

& St. Louis Railway, 147 Pa. St. 40; Haile v. Texas & Pacific Railway, 60 Fed. 557.

"In the following cases a different view was taken: Bell v. Great Northern Railway, 26 L. R. (Ir.) 428; Purcell v. St. Paul City Railway, 48 Minn. 134; Fitzpatrick v. Great Western Railway, 12 U. C. Q. B. 645. See also Beven, Negligence, 77 et seq."

The rule and the reason therefor as laid down by the Massachusetts courts is supported by sound reason and by far the greater weight of authority, and we follow it.

IV. Appellant calls attention to defendant's first instruction, which told the jury that the defendant "was only required to use that degree of care which a prudent common carrier would exercise under like circumstances," and insists that such instruction requires too low a degree of care on the part of defendant.

Standard of Care.

The respondent calls attention to plaintiff's third instruction which only required "that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances," and insists that the appellant is bound by the theory of her own instruction, and cannot object to that same theory when it appears in the instruction for the opposite party.

We will not say whether the theories in those two instructions are exactly the same, but we do say that they are both wrong. The standard of care required of a common carrier of passengers is well stated in Jackson v. Railway, 118 Mo. 199, l. c. 224, thus: "The utmost care and skill which prudent men would use and exercise in a like business and under similar circumstances." Almost that identical language is used in Magrane v. Railway, 183 Mo. 119, and in Redmon v. Railroad, 185 Mo. 1.

The judgment is reversed and the cause is remanded. *White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. *Faris, J.,* concurs; *Williams* and *Walker, JJ.,* concur in paragraphs 1, 2, 4 and result.