# ELSYE M. PORTER v. ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER COMPANY, Appellant.

### In Banc, November 25, 1925.

1. **NEGLIGENCE: No Physical Injury: Resultant Nervousness.** An instruction telling the jury that even if they should find that plaintiff was made nervous solely by reason of the accident, or that some previous nervous condition had been aggravated by reason thereof, yet, if they further find that she sustained no physical injury of any kind, their verdict must be for defendant, correctly declares the law of negligence. There can be no recovery for fright, terror, anxiety, distress of mind or other mental disturbances unaccompanied by physical injury.

2. **————: General Allegation: Instruction: Preponderance of Proof.** An instruction telling the jury that the burden rests upon the plaintiff throughout the entire case to prove by a preponderance of all the credible evidence, to the reasonable satisfaction of the jury, that the collision described in the evidence was caused or contributed to by defendant railway company, and that such burden likewise rests upon plaintiff to prove each and every fact necessary to authorize a finding in plaintiff's favor, is erroneous, where the petition charges general negligence. The propriety of such an instruction is to be determined from the manner in which defendant's negligence is charged in the petition—whether it charges general negligence, or specific acts of negligence.

3. **————: General Allegation: Collision between Street Car and Wagon: Instruction: Burden of Proof.** A petition charging that "defendant so negligently maintained and operated its said street car on which plaintiff was a passenger, as to cause, permit and suffer said street car to collide with a large and heavy fire wagon or fire truck of the city fire department, by reason and as a result of which plaintiff was thrown against said car and seriously and permanently injured," charges general negligence. It does not enumerate what specific acts of the motorman caused the collision; it simply alleges the ultimate facts pertaining to the relation of the parties, and the acts that caused the injury, and states that such acts or omissions were negligent. Therefore, an instruction declaring that the burden rested upon plaintiff throughout the trial to prove that the collision was the result of negligence on the part of defendant, and to prove each and every fact necessary to authorize a finding in her favor, was erroneous; but if it had

limited the burden upon plaintiff to prove that she was a passenger on the car, that it collided with a fire truck and as a result of said collision she was injured, it would not have been erroneous.

4. ——: ——: ——: **Waiver: Evidence of Specific Acts.** The plaintiff whose petition charged general negligence, did not, by unnecessarily introducing evidence of specific acts of negligence, waive the presumption that the collision between the street car on which she was a passenger and a heavy fire truck, was due to the defendant's negligence, if the evidence so introduced did not clearly show what did cause the collision.

---

Corpus Juris-Cyc. References: Carriers, 10 C. J., Section 1409, p. 1002, n. 23; Section 1427, p. 1029, n. 99; Section 1479, p. 1094, n. 21. Damages, 17 C. J., Section 152, p. 831, n. 54. Negligence, 29 Cyc., p. 570, n. 16, p. 572, n. 31; p. 592, n. 3.

Appeal from Buchanan Circuit Court.—*Hon. L. A. Vories,* Judge.

Affirmed.

*Robert A. Brown* and *Richard L. Douglas* for appellant.

(1) The court erred in sustaining plaintiff's motion for a new trial, on account of instruction numbered 8, given in behalf of the defendant. (a) The allegations of plaintiff's petition constitute allegations of specific negligence. Pointer v. Mountain Ry. Const. Co., 269 Mo. 114; Davidson v. Transit Co., 211 Mo. 361; Kean v. Piano Co., 206 Mo. App. 173; Hennekes v. Beetz, 217 S. W. 533; Motsch v. Standard Oil Co., 223 S. W. 677; Roscoe v. Met. St. Ry. Co., 202 Mo. 587; McGrath v. Transit Co., 197 Mo. 97; Orcutt v. Century Bldg., 201 Mo. 424; Price v. Met. St. Ry. Co., 220 Mo. 453. (b) Plaintiff tried her case upon the theory that specific negligence had been alleged, and that the burden rested upon her to prove it. Plaintiff's instructions submitted the case upon the theory that specific negligence had been alleged, and she assumed the burden of proof. Presumptions were not considered in the in-

.troduction of evidence, nor in the instructions asked by plaintiff and given by the court. Having tried her case upon the theory that specific negligence had been pleaded, and that the burden was upon her to prove it, plaintiff will not now be permitted to take advantage of any invited error, if such error there was. McAnany v. Shipley, 189 Mo. App. 399; State ex rel. Am. Packing Co. v. Reynolds, 230 S. W. 643; Scott v. K. C. Rys. Co., 229 S. W. 178; Wallower v. Webb City, 171 Mo. App. 226; Huss v. Bakery Co., 210 Mo. 50; Williams v. C., B. & Q. Ry. Co., 155 S. W. 67; Keele v. Railroad, 258 Mo. 75; White v. Railroad, 250 Mo. 487; Walker v. Railroad, 193 Mo. 483; Jones v. Publishing Co., 240 Mo. 209; Sawyer v. Walker, 204 Mo. 164; Wilcox v. Court of Honor, 134 Mo. App. 556; Long v. Coal Co., 233 Mo. 731; Fitzpatrick v. Webber, 168 Mo. 573. (c) Even should it be conceded that plaintiff did not in her petition allege specific negligence, and that in the trial of the case she did not attempt to prove such negligence and not assume the burden of proof, that the doctrine of *res ipsa loquitur* could have been invoked, defendant's instruction numbered eight nevertheless correctly declared the law. A mass of testimony was introduced during the trial of the case which showed the exact nature of the accident and all the causes leading up to the same. When such testimony was introduced and the facts were thereby disclosed, all presumptions, if any had existed, immediately vanished, and the burden of proof remained on the plaintiff throughout the case to prove negligence upon the part of the defendant. Stack v. General Packing Co., 283 Mo. 420; Downs v. Horton, 287 Mo. 432; Guthrie v. Holmes, 272 Mo. 215; Sowders v. Railroad, 127 Mo. App. 119; Hurck v. Mo. Pac. Ry. Co., 252 Mo. 39; Kilroy v. Crane Agency Co., 203 Mo. App. 302; Mockowik v. Railroad, 196 Mo. 571; Glassman v. Harry, 182 Mo. App. 308; Taylor v. Tel. Co., 181 Mo. App. 288; Berger v. Storage Co., 136 Mo. App. 42; Wigmore on Evidence, sec. 2487. (2) The court erred in sustaining plaintiff's motion for a new trial, on

account of alleged error in the giving of defendant's instruction numbered seven. Defendant's instruction told the jury that plaintiff could not recover on the ground of nervousness alone, unless the jury should believe from the evidence that she had sustained some physical injury. Crutcher v. Railroad, 132 Mo. App. 318; McCardle v. Peck D. G. Co., 191 Mo. App. 264; Strange v. Mo. Pac. Ry. Co., 61 Mo. App. 586; Morris v. Lackawanna Railroad Co., 77 Atl. (Pa.) 445; Miller v. Railroad Co., 85 N. E. 499; St. Louis Iron Mt. Ry. Co. v. Bragg, 64 S. W. 226; Ward v. Railroad Co., 47 Atl. (N. J.) 561.

*Duvall & Boyd* and *W. B. Norris* for respondent.

(1) The allegation in the petition "that the defendant so negligently maintained and operated its street car and street railway on which plaintiff was a passenger as to cause, permit and suffer said car to collide with a large and heavy fire wagon, by reason and as a result thereof plaintiff was thrown with great force and violence against the street car and thereby injured," was a general allegation of negligence. Elliott v. Ry. Co., 236 S. W. 17; Price v. Met. St. Ry. Co., 220 Mo. 435; Provance v. Railroad Co., 186 S. W. 955; McDonald v. Met. St. Ry. Co., 219 Mo. 468; Bergfeld v. Rys. Co., 285 Mo. 654; Grimm v. Globe Printing Co., 232 S. W. 676; Kean v. Smith-Reis Piano Co., 206 Mo. App. 170. (2) Because plaintiff in her case in chief put in proof of some specific acts of negligence she was not precluded from the presumption of negligence to which she was entitled, though in so doing plaintiff assumed an unnecessary burden in making a prima-facie case. Price v. Met. Ry. Co., 220 Mo. 435; Kilroy v. Ry. Co., 195 S. W. 525; Loftus v. Railroad Co., 220 Mo. 470; Stouffer v. Met. St. Ry. Co., 243 Mo. 305; Kinchlow v. Ry. Co., 264 S. W. 416. (3) Instruction 8 given by the lower court in behalf of defendant was error, and the lower court so held, and therefore granted the new

trial, from which action the appeal was taken in this case. The instruction should have been limited so as to have told the jury that the burden was upon the plaintiff to prove that she was a passenger upon defendant's car and that the car in which she was riding collided with the fire truck, and that as the result of the collision she was injured, and that this burden remained upon her throughout the trial of the case. The instruction, however, did not stop there, but placed the burden upon the plaintiff to prove the negligence of the defendant. Olsen v. Citizens Ry. Co., 152 Mo. 426; Simpson v. Railroad Co., 192 S. W. 739; Stover v. Harvey, 204 S. W. 587; Morgan v. Ry. Co., 232 S. W. 111.

WALKER J.—This is an action for damages for personal injuries sustained by the respondent while riding in one of appellant's street cars in the city of St. Joseph, in January, 1922. Upon a trial to a jury there was a verdict for the appellant. Respondent's motion for a new trial was sustained on the ground that the court had erred in giving instructions numbered seven and eight at the request of the appellant.

These instructions are as follows:

"7. The court instructs you that even if you should find and believe from the evidence that plaintiff was made nervous solely by reason of the collision described in evidence, or that some previous nervous condition had been aggravated by reason thereof, yet, if you further find and believe from the evidence that she sustained no physical injury of any kind, then under the law it is your duty to find your verdict in favor of the defendant.

"8. The court instructs you that the burden rests upon the plaintiff throughout the entire case to prove by a preponderance or greater weight of all the credible evidence to your reasonable satisfaction, that the collision described in evidence was caused or contributed to by the negligence of defendant's motorman; and likewise such burden rests upon the plaintiff to

prove each and every fact necessary to authorize a finding in plaintiff's favor, under the instructions of the court; and unless plaintiff has produced such preponderance of the testimony you will find your verdict in favor of the defendant.''

I.   The purport, if not the tenor of instruction numbered seven, has not infrequently been considered, not only by this court, but also by the court of appeals.

No Physical Injury.

The latest ruling of this court upon the doctrine of non-liability, announced in the instruction, is in Perkins v. Wilcox, 294 Mo. 700, in which it is held generally that in the absence of any physical injuries inflicted by the alleged wrongful acts of the defendant the plaintiff is not entitled to recover.   A like doctrine is announced with more emphasis in McCardle v. Peck Dry Goods Co., 271 Mo. 111.   The instruction there under review was as follows:

''8.   You are instructed that the plaintiff cannot recover for any fright, terror, alarm, anxiety or distress of mind caused by or resulting from the descent of defendant's elevator if these were unaccompanied by some physical injury.

''You are further instructed that if you believe from the evidence that plaintiff's present condition is the result of fright or scare only, then plaintiff cannot recover in this case.''

In ruling upon this instruction the court said (p. 120):

''The first paragraph of the eighth instruction for the defendant which told the jury in effect, that defendant is not responsible for the mental suffering of plaintiff unless it is accompanied by physical injury, is correct.   The rule in this State was laid down in Trigg v. Railroad, 74 Mo. 147, thus: 'The general rule is that pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate, unless the injury is ac-

companied by circumstances of malice or inhumanity.' ''
Citing Supreme Court and courts of appeals cases.

The reasoning of the Supreme Court of Massachusetts, cited with approval in the McCardle case (p. 121), is so apposite that a quotation from the relevant portion of same is not inappropriate:

''We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury; and if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without. The logical vindication of this rule is, that it is unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright; and that this would open a wide door for unjust claims, which could not successfully be met. '' [Spade v. Railroad, 168 Mass. 285—citing cases.]

The non-concurrence of certain members of this court with the conclusion in the opinion in regard to the defendant's eighth instruction in the McArdle case was not that the opinion incorrectly stated the rule as to the defendant's non-liability, but that it did not apply under the facts in that case. The rule as there announced, has not, under a proper state of facts, been questioned in this State.

The giving of the seventh instruction for the defendant was therefore not error and furnished no ground for the granting of a new trial.

II. The contention of appellant concerning the action of the trial court in granting a new trial for error in the giving of instruction numbered eight is that this instruction properly declared that the burden of proof rested upon the plaintiff throughout the trial to prove

**Burden of Proof: General Negligence.** by a preponderance or greater weight of the evidence, etc., that the collision was the result of negligence on the part of the defendant. The propriety of this instruction is to be determined primarily from the manner in which the defendant's negligence is charged in the plaintiff's petition. The portion of the latter determinative of the character of negligence charged is as follows: "that defendant so negligently maintained and operated its said street car and street railway on which plaintiff was a passenger, as to cause, permit and suffer said street car to collide with a large and heavy fire wagon or fire truck of the fire department of the city of St. Joseph, by reason and as a result thereof plaintiff was thrown against said car and seriously and permanently injured in this," etc.

The general rule in regard to the burden of proof in cases of the character under review, is that general allegations of negligence are permitted where the plaintiff, not being familiar with the instrumentalities employed by the defendant, can as a consequence have no knowledge of the specific character of the negligence act or acts causing the injury and the doctrine of presumptive negligence is there permitted to be applied. If, however, the petition discloses that the plaintiff is sufficiently familiar with the exact negligent act or acts causing or contributing to cause his injury as to enable him to plead them specifically, the reason for the doctrine of presumptive negligence disappears and the plaintiff must prove the negligent act as pleaded and not otherwise. In short, the burden of proof is to be borne by the plaintiff as in other cases. [Roscoe v. Ry. Co., 202 Mo. l. c. 587; Orcutt v. Bldg. Co., 201 Mo. 424; Beave v. Railroad, 212 Mo. 331; Kirkpatrick v. Railroad, 211 Mo. 68.] It is scarcely necessary in view of the frequency with which these rules have been discussed by this court to add that the permissibility of pleading negligence generally and the rule authorizing the presumption of negligence under such a pleading, were born of and nurtured

by necessity in cases of the character at bar, and are exceptions to the general rules of pleading and proof. To constitute a specific allegation of negligence as contradistinguished from a general allegation an enumeration and averment of the specific act or acts relied upon as a ground of recovery must be made. Plaintiff's petition does not, from its terms, and from these its tenor must be determined, meet this measure. It simply alleges the ultimate facts concerning the relation of the parties, the acts that caused the injury and states generally that such acts were negligently done. In other words, it sets out with reasonable certainty and clearness the acts complained of, followed by a general averment that such acts or omissions were negligent. The petition therefore cannot be reasonably construed as otherwise than general in its allegations. Thus construed, no foundation was furnished for the giving of instruction numbered eight. If the instruction had been limited so as to have told the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that she was a passenger upon defendant's car and while she was riding therein it collided with a fire truck and as a result of said collision she was injured and that this burden remained with her throughout the trial it would not have been error, because it would have shown the extent of the burden cast upon her and have likewise shown the burden cast upon the defendant to enable it to overcome the prima-facie case. [Simpson v. Ry. Co., 192 S. W. 743; Loftus v. Met. St. Ry. Co., 220 Mo. 470; Stauffer v. Railroad, 243 Mo. l. c. 317.]

Olsen v. Citizen's Railway Co., 152 Mo. 426, is, in its facts, almost identical with the instant case. In the Olsen case the plaintiff, a passenger on a street car, was injured by a collision between the car and a fire department vehicle. The court gave an instruction for the plaintiff, telling the jury that if the plaintiff was a passenger upon defendant's car, the latter was required to exercise a high degree of care in watching for an approaching fire wagon, and if the defendant failed in

the slightest degree to use such care and the plaintiff was thereby injured then the defendant was liable. As in the instant case the defendant introduced evidence in its defense.

In the Olsen case the defendant asked the court to instruct the jury that the burden of proof was upon the plaintiff to prove that the collision was caused by the negligence of the gripman and that plaintiff must do so by a preponderance of the evidence. This instruction was refused and its refusal assigned as error. Defendant perfected its appeal to this court. The Supreme Court in discussing the refusal of the trial court to give the instruction asked by defendant, in effect, said: This instruction very adroitly informs the jury that although the car in which plaintiff was riding was wholly under the control of defendant's servants and employees, and although these cars when carefully managed, do not ordi-narily collide with other vehicles, yet, when a collision did occur with the fire department wagon, no presumption of negligence whatever could arise which would devolve upon defendant the duty of explaining that it did not arise from its want of care. The plaintiff being absolutely free from negligence on her part, and the collision having occurred and injured her, we think a prima-facie case was made; and the court did not err in refusing to declare the law as asked by defendant, *even though plaintiff had not herself invoked this presumption.* [Olsen v. Railroad, 152 Mo. l. c. 432.]

As illustrative of the correctness of our conclusion as to the character of the negligence pleaded in the petition the following language of this court in Price v. Ry. Co., 220 Mo. l. c. 454, is pertinent: "Does this petition charge specific acts of negligence? We think not. The only charge is that 'the defendant carelessly, negligently caused and permitted the train on which plaintiff was riding as a passenger, to come in violent collision with another train of defendant's, said other train being on said Twelfth Street and on said incline as aforesaid; that said collision was occasioned without

any fault on the part of the plaintiff, but by reason of the negligence as aforesaid of the defendant.' This to our mind is a charge of general negligence. Had the petition averred a negligent collision of the two trains, and then proceeded to state that such collision was occasioned by the negligence of the gripman in the operation of the car, or the negligence of the conductor in the operation of the train, and pointed out wherein they or either of them had been negligent, or had it charged a negligent failure to use proper appliances and pointed out the insufficient appliances; or had it charged that the collision was due to some negligent condition of the track, naming and pointing out such, or other such similar specific acts, then there would have been specific negligence.''

It will be found upon a review of the numerous cases cited by the appellant discussing the rule as to the burden of proof in actions as at bar, that instructions of the purport of that here under consideration, numbered eight, are only authorized where the plaintiff pleads specific negligence. The giving of the instruction, therefore, under the allegations of the petition, was error and afforded a sufficient reason for the granting of a new trial.

III. It is contended further that the introduction in evidence by the plaintiff of specific acts of negligence waived the presumption of defendant's negligence. While the plaintiff in the introduction of evidence of specific negligence assumed an unnecessary burden to enable her to make out a prima-facie case she did not thereby lose the right of resting upon the presumption of the defendant's negligence if the evidence so introduced does not clearly show what did cause the accident.

The contention as to a waiver in this regard was made by the defendant in Price v. Ry. Co., supra, p. 456, and is disposing of it this court said: ''If at the close of the evidence, the cause does not clearly appear or if there is a dispute as to what it is, then it is open to the

plaintiff to argue upon the whole evidence and the jury are justified in relying upon presumptions, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumptions appliable to it.''

The judgment of the trial court in granting a new trial is affirmed, and the case is remanded for further proceedings in conformity with this opinion.

PER CURIAM:—The foregoing opinion by WALKER, P. J., in Division Two, is adopted as the opinion of Court in Banc. All concur, except *Blair, C. J.,* who dissents as to Paragraph II and the result; and *Otto, J.,* not sitting.