Mrs. James D. GAMBILL, Appellant,

v.

Charlotte W. WHITE, Executrix of the Estate of Edwin C. White, deceased, St. Joseph Hospital, and Robert S. Brown, Respondents.

No. 45425.

Supreme Court of Missouri,

Division No. 1.

May 13, 1957.

Rehearing Denied June 10, 1957.

**42**

Elwyn L. Cady, Jr., Kansas City, for appellant.

William H. Sanders, Donald L. Dorei, Curtis S. Barton, Kansas City, for respondent, Edwin C. White, Caldwell, Eastin, Blackwell & Oliver, Kansas City, of counsel.

Douglas Stripp, Melvin J. Spencer, Kansas City, for respondent, St. Joseph Hospital, Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

Don G. Stubbs, Tom J. Stubbs, Stubbs, McKenzie, Williams & Merrick, Kansas City, for respondent, Robert S. Brown.

COIL, Commissioner.

Mrs. Gambill, plaintiff below, claimed $20,000 damages from defendants for their alleged negligence in permitting her to give birth to a child at a time when she was unattended. (Since the appeal in this case, trial court defendant Edwin C. White died and his executrix was substituted as indicated in the caption hereof. The opinion will refer to the defendants as they were in the trial court.) The trial court sustained defendant hospital's pretrial motion to dismiss on the ground that it was immune from liability as a charitable institution operated solely as a nonprofit hospital providing care to the sick and injured, and at the close of plaintiff's evidence directed verdicts for defendant doctors. Plaintiff has appealed and claims that the trial court erred in dismissing as to the hospital and in directing verdicts for the doctors.

Plaintiff contends that the Missouri charitable immunity doctrine is contrary to public policy, unconstitutional, unsound, and that any possible reason for its existence heretofore, no longer exists. Plaintiff, therefore, asks us to review the law in that respect and to overrule the cases which have granted charitable institutions immunity from liability. We must, however, decline to review that law for the reason that, in our view, plaintiff's evidence demonstrates that she did not make a submissible case against defendant doctors and demonstrates that she could not have made a submissible case against defendant hospital for the reason that her testimony affirmatively showed that she suffered no compensable injury.

Plaintiff testified that she was "tremendously nervous" and had a nervous chill because she did not have a doctor there; that she was embarrassed and humiliated because she was unattended;

that she suffered pain and became sick when she thought her baby had been born "dangling over the edge of the table"; and that she suffered intense pain and mental anguish because she was unattended. She also testified that three weeks after birth her baby was examined and found to be "all right," a healthy baby, and that she was also found to be "all right," and there was no evidence that there was anything the matter with her during the three weeks' interval or since. In brief, the only reasonable inference from plaintiff's testimony was that she suffered no physical injury but, on the contrary, suffered pain, nervousness, humiliation, and mental anguish, unaccompanied by any physical injury.

The rule is well established that, in the absence of evidence of an unlawful invasion of one's rights under circumstances of malice, wilfulness, wantonness, or inhumanity, there is no recovery for fright, terror, anxiety, mental distress, or nervousness, unless these are accompanied by some physical injury. Trigg v. St. Louis, K. C. & N. Ry. Co., 74 Mo. 147, 153; McCardle v. George B. Peck Dry Goods Co., 271 Mo. 111, 120, 195 S.W. 1034, 1036 [2]; Weissman v. Wells, 306 Mo. 82, 99, 267 S.W. 400, 401, 406 [4]; Porter v. St. Joseph Ry., L. H. & P. Co., 311 Mo. 66, 71, 277 S.W. 913, 914 [1]; State ex rel. and to Use of Renz v. Dickens, Mo. App., 95 S.W.2d 847, 851, 852; Gibbons v. Wells, Mo.App., 293 S.W. 89, 91 [1, 2]; Bedenk v. St. Louis Public Service Co., Mo., 285 S.W.2d 609, 613 [1, 2].

Inasmuch as plaintiff's only evidence on the subject was her testimony to the effect that she suffered no physical injury, and there was neither allegation nor evidence of circumstances of malice, insult, or inhumanity, she was not entitled to recover against either of the defendant doctors, and, inasmuch as her testimony as to injury, if any, must of necessity have been the same against the hospital as against the doctors, she was not entitled to recover against defendant St. Joseph Hospital.

It follows that the judgment of the trial court is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.